IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LORIE C. BOWERS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| i. | ) ) | Civil Action No. 15-216J |
| NANCY A. BERRYHILL,[1] ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) ) | |
| Defendant. | ) ) | |

OPINION

Presently before the court are the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her application for disability insurance income ("DIB") under Title II of the Social Security Act (the "Act"). For reasons explained below, the Acting Commissioner's motion for summary judgment (ECF No. 13) will be granted, plaintiff's motion for summary judgment (ECF No. 11) will be denied, and the decision of the Acting Commissioner will be affirmed.

**I. Background**

Plaintiff filed her DIB application on January 23, 2013, alleging disability beginning on July 23, 2011, due to a number of physical and mental impairments. (R. 16, 190). Plaintiff's date last insured for DIB purposes was September 30, 2011. (R. 19). Therefore, the period under adjudication in this case is plaintiff's alleged onset date of July 23, 2011, through her date

---

[1]Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this case.

last insured of September 30, 2011 (hereinafter, "the relevant period").

After plaintiff's application was denied, she requested a hearing, which an administrative law judge ("ALJ") held on March 17, 2014. (R. 36-58). In a decision issued on May 21, 2014, the ALJ found that plaintiff suffered from a number of severe physical and mental impairments during the relevant period,[2] but they did not meet or equal the criteria of any listed impairment set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Appendix 1"). (R. 19). The ALJ then found that plaintiff retained the residual functional capacity to perform a limited range of light, unskilled work during the relevant period with the following additional restrictions to account for her physical and mental functional limitations: no pushing or pulling of pedals and controls with her lower extremities; no climbing ladders, ropes or scaffolds; no reaching overhead with her left upper extremity; only occasional bending, balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs; no exposure to extreme heat or cold, vibration, pulmonary irritants or hazardous conditions; no more than simple, routine tasks, short directions, simple work-related decisions and few work place changes; no production rate pace and no fast-paced or quota work (collectively, the "RFC Finding"). (R. 20). Relying on testimony by a vocational expert who took into account plaintiff's residual functional capacity and vocational factors, the ALJ concluded plaintiff could have performed work that existed in significant numbers in the national economy during the relevant period and thus found she was not disabled within the meaning of the Act. (R. 29, 30).

Following the ALJ's unfavorable decision, plaintiff sought review by the Appeals Council, which was denied on June 17, 2015. (R. 1). The ALJ's decision then became the final decision of the Acting Commissioner. The instant action followed.

---

[2] Plaintiff's severe impairments included low back syndrome, status post left clavicle resection, a neck disorder, left trochanteric bursitis, a history of asthma and bronchitis, vertigo, major depressive disorder, anxiety and alcohol dependence. (R. 19).

## II. Standard of Review

When reviewing a disability determination, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. See Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). If the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

## III. Legal Analysis

To qualify for DIB, a person must be disabled as that term is defined by the Act and accompanying Social Security Regulations. The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the Regulations specify the following five-step sequential evaluation process for the ALJ to consider: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria of a listing in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work, in light of her age, education, work experience and residual functional capacity.[3] 20 C.F.R. §

---

[3] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's

404.1520(a)(4)(i)-(v).

### A. Step 3 Listing Analysis

Plaintiff first challenges the ALJ's findings at step 3 of this process, which requires the ALJ to determine whether the claimant's impairments meet or equal one of the listed impairments.[4] See Burnett v. Commissioner of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000). It is the ALJ's burden to identify the relevant listed impairment in the Regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. Id. (citing Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992)). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

Here, plaintiff summarily claims the ALJ erred in failing to find that she meets or equals listings 1.02, 1.04, 1.07, 12.04 and 12.06. Contrary to plaintiff's bare assertion, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffered from a number of severe impairments during the relevant period, but they did not meet or equal any listed impairment even when considered in combination. The ALJ considered listings under 1.00 (musculoskeletal system), 2.00 (special senses and speech), 3.00 (respiratory disorders) and 12.00 (mental disorders), but he explained that plaintiff's conditions did not satisfy all the criteria of any particular listing. (R. 19-20).

The ALJ satisfied his burden; however, plaintiff failed to sustain her burden of showing

---

residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. § 404.1545(a)(4).

[4]The listings describe impairments that prevent an individual from performing any gainful activity, regardless of her age, education or work experience. 20 C.F.R. § 404.1525(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000).

that her impairments met a listing during the relevant period. Other than making an unsubstantiated assertion that she met various listings, plaintiff failed to discuss any of the listing requirements let alone cite any medical evidence to show that she satisfied those requirements. Furthermore, no medical source of record found that plaintiff's impairments met or were equal to a listing during the relevant period.[5] For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

B. **Step 5 Analysis**

Plaintiff next challenges the ALJ's step 5 finding that she could have performed other work during the relevant period as not being supported by substantial evidence for the following reasons: (1) the ALJ did not properly evaluate plaintiff's subjective complaints of back and hip pain;[6] (2) the ALJ did not properly consider the effects of plaintiff's left trochanteric bursitis; and (3) the RFC Finding did not account for all of plaintiff's limitations, thus the ALJ's hypothetical question was incomplete. Each argument is without merit.

First, the ALJ properly evaluated plaintiff's subjective complaints of back and hip pain as required by the Regulations. The ALJ considered plaintiff's own statements about her symptoms and limitations, her activities of daily living, the extent of her treatment and the medical evidence, including the records of physicians who treated and examined her during the

---

[5] Related to her step 3 argument, plaintiff also contends that the ALJ failed to properly weigh the opinions of her treating physicians. Plaintiff makes this claim without identifying a treating physician by name or any particular opinion that the ALJ erred in considering. Moreover, plaintiff did not argue any connection between the ALJ's purported failure to properly weigh the medical opinion evidence and the ALJ's step 3 listing analysis. Thus, there is no merit to plaintiff's suggestion that the ALJ improperly weighed the medical opinion evidence. To the contrary, the ALJ's decision makes clear that he thoroughly considered treatment records from the relevant period received from Dr. Asha Swain, who was plaintiff's treating physician at that time. (R. 22-24, 314-315, 328-330).

[6] Although plaintiff claims under her step 3 argument that the ALJ improperly dismissed her complaints of pain, she separately contends that the ALJ erred in finding her back and hip pain not disabling. The court construes plaintiff's claims as a challenge to the ALJ's overall analysis of her subjective complaints of pain and will address her argument as such.

relevant period. See 20 C.F.R. §§ 404.1529(c)(1) and (c)(3). The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. § 404.1529(c)(4). The ALJ concluded that the objective evidence was inconsistent with plaintiff's allegation of total disabling limitations, and thus determined that plaintiff's statements regarding her pain and limitations were not entirely credible. (R. 21). This court finds that the ALJ adequately explained the basis for his credibility determination, (R. 21-27), and is satisfied that such determination is supported by substantial evidence. See Schaudeck v. Commissioner of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999) (an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony).

Next, the ALJ properly considered the effects of plaintiff's left trochanteric bursitis.[7] The ALJ explained that while plaintiff experienced some left hip pain during the relevant period which necessitated one injection, her hip problems worsened thereafter and she underwent hip replacement surgery in November 2012, and February, 2013, well over a year after the relevant period. (R. 26, 328, 330, 630-33). Therefore, the ALJ properly determined that plaintiff's hip problems did not cause disabling functional limitations during the relevant period. (R. 26). Nevertheless, the ALJ accounted for plaintiff's credibly established limitations resulting from her hip problems during the relevant period by including in the RFC Finding restrictions for no pushing or pulling pedals and controls with her lower extremities, no climbing ladders, ropes or scaffolds and only occasional bending, balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs.

Finally, plaintiff's contention that the ALJ's RFC Finding and the hypothetical question

---

[7]Trochanteric bursitis is inflammation of the fluid-filled sac at the outside point of the hip. See http://www.myclevelandclinic.org/health/articles/trochanteric-bursitis (last visited Feb. 28, 2017).

posed to the vocational expert should have included limitations to account for her alleged inability to meet work attendance and time on task requirements is unfounded. Plaintiff has cited no medical evidence from the relevant period which would justify additional limitations beyond those already included in the RFC Finding. To the extent plaintiff had any difficulty with concentration, the ALJ accounted for it by restricting her to work involving simple, routine tasks, no more than short directions and simple work-related decisions, no production rate pace and no fast-paced or quota work. In addition to accounting for plaintiff's mental functional limitations, the RFC Finding generously accommodated her physical limitations supported by the record during the relevant period. The ALJ incorporated the comprehensive RFC Finding into the hypothetical question to the vocational expert. As such, the hypothetical question was proper because it must convey to the vocational expert all of the claimant's impairments and limitations supported by the medical evidence, which it did here. See Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (explaining that the ALJ "must accurately convey to the vocational expert all of a claimant's credibly established limitations"). Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff could have performed work that existed in the national economy during the relevant period and thus was not disabled.

**IV. Conclusion**

After carefully considering the medical evidence and the record as a whole in this case, the ALJ determined that plaintiff was not disabled within the meaning of the Act during the relevant period. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner will be affirmed.

An appropriate order will follow.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORIE C. BOWERS,<br><br>        Plaintiff,<br><br>  ii.<br><br>NANCY A. BERRYHILL,[8]<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>        Defendant. | Civil Action No. 15-216J |

## ORDER OF COURT

THEREFORE, this 1st day of March, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[8] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this case.